MEMORANDUM ***
Oscar Argueta-Lopez (“Argueta-Lo-pez”), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an Immigration Judge’s (“IJ”) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 to consider the petition for review of the IJ’s denial of asylum and withholding of removal, and we deny the petition for review to that extent. We dismiss the CAT claims because we lack jurisdiction to consider them. The parties are familiar with the factual background, so we need not discuss all of the factual details here.
Where, as here, the BIA adopts and affirms the IJ’s findings and reasoning, we review the IJ’s decision as if it were that of the BIA. See Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005). The IJ based the denial of asylum on an adverse credibility determination, and in the alternative, found that Argueta-Lopez was not persecuted based on a protected ground and that he could have relocated safely within Honduras. Because we uphold the adverse credibility determination, we need not address the IJ’s alternative holdings.
Our law governing when we will uphold adverse credibility determinations is clear cut: “We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion.” Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006). A single supported ground for an adverse credibility finding, such as an inconsistency between testimony and affidavits, is sufficient if it “ ‘relate[s] to the basis for [petition *926 er’s] alleged fear of persecution’ ” and goes to the heart of the claim. Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001) (citation omitted).[1]
According to Argueta-Lopez, he was a member of the National Party of Honduras. He claims he was detained and beaten by National Party members on one occasion because he lost ballot boxes that were under his supervision.
We conclude that substantial evidence supports the IJ’s adverse credibility determination. Argueta-Lopez claimed on his asylum application that the National Party had already killed his friend, A1 Betega. However, Argueta-Lopez admitted to the IJ at his hearing that he did not know how A1 Betega died and that he knew of no other person who had experienced problems with the National Party. That discrepancy goes to the very heart of Argue-ta-Lopez’s claim because he relied upon A1 Betega’s murder in his asylum application as a key basis for his fear that the National Party would persecute him if he returned. Argueta-Lopez argues that this discrepancy is minor because he had not returned to his home town, and thus would have no reason to know who killed his friend. We do not consider this argument persuasive because it does not explain why Argueta-Lopez stated on his asylum application that he knew the National Party killed A1 Betega. In this case it is the inconsistency in what he has said, and not merely a lack of knowledge, that justifies the adverse credibility determination. Accordingly we deny the petition for review of the IJ’s denial of asylum relief.
Because his asylum claim fails, Argueta-Lopez’s claim for withholding of removal, which requires a higher standard of proof, fails as well. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Accordingly, we also deny the petition for review insofar as it challenges denial of withholding of removal.
As for the CAT claims, Argueta-Lopez did not brief those claims to the BIA and so we lack jurisdiction to consider them. See Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir.2004). The petition for review of denial of the CAT claims is therefore dismissed in part.
PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Argueta-Lopez filed his asylum application before May 5, 2005, the effective date of the Real ID Act. Therefore, in determining whether an adverse credibility determination is adequately supported, we analyze any inconsistency to determine whether it goes to the heart of the claim. See Zhu v. Mukasey, 537 F.3d 1034, 1039 n. 1 (9th Cir.2008).